United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 7, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-50672
Summary Calendar
_____

UNITED STATES OF AMERICA,

           Plaintiff-Appellee,

versus

PEDRO MELOS-FERNANDEZ, also known as Miguel Rodriguez-Salazar,

           Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-134-DB
_____

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Pedro Melos-Fernandez appeals from his guilty-plea conviction for illegal reentry into the United States, in violation of 8 U.S.C. § 1326. He argues that his guilty plea was invalid because he was not legally competent to enter an informed plea at the time of his rearraignment hearing. The test for determining if a defendant is competent to enter a guilty plea is "whether he has

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him."[1]  The district court's determination that Melos-Fernandez was competent may not be set aside on review unless it was clearly arbitrary or unwarranted.[2]

The record indicates that Melos-Fernandez was not under the influence of drugs, alcohol, or prescription medication at the time of the rearraignment hearing and that he and his defense counsel believed him to be competent to enter an informed guilty plea. Additionally, the record reveals that any other physical problems from which Melos-Fernandez might have been suffering did not compromise his competency at that time.  Accordingly, the district court's judgment is AFFIRMED.

---

[1] *Dusky v. United States*, 362 U.S. 402, 402 (1960) (internal quotation marks and citations omitted).

[2] *United States v. Dockins*, 986 F.2d 888, 890 (5th Cir. 1993).